UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHANNA ARMENDARIZ                          CIVIL ACTION

VERSUS                                      NO: 20-2151

SOUTHERN FIDELITY INSURANCE                 SECTION: "A" (4)
COMPANY

## ORDER AND REASONS

Before the Court is a **Motion to Compel Appraisal, Appoint Umpire, and Stay Litigation Pending Completion of Appraisal (Rec. Doc. 11)** filed by Defendant Southern Fidelity Insurance Company ("SFIC"). Plaintiff Johanna Armendariz opposes the motion. The motion is before the Court on the briefs without oral argument.

### I.      Background

Plaintiff alleges that a vehicle crashed into her Houma residence, causing substantial damage, on or about October 15, 2019. (Rec. Doc. 12, Plaintiff's Memorandum in Opposition, p. 2). She promptly reported her loss to SFIC. Plaintiff alleges that her property is covered by insurance policy number LVH102072502 (the "Policy") issued by SFIC. *Id.* On November 18, 2019, Brandon Simoneaux of TSI ("TSI") inspected Plaintiff's property and created a report on behalf of SFIC. *Id.* TSI found "no structural damages" to the property and estimated $4,944.14 in damages to the dwelling and $938.38 in damages to other structures. *Id.* Plaintiff claims she started complaining about the deficient estimate shortly after. *Id.* at 2-3.

Plaintiff retained counsel and hired Adam Scott to inspect the property and create a report on her behalf. *Id.* at 3. Based on his inspection on February 5, 2020, Mr. Scott

estimated $63,233.13 in damages to the dwelling and $2,011.96 in damages to other structures. *Id.* On February 18, 2020, Gurtler Bros. Consultants, Inc. ("Gurtler Bros"), an engineering and inspection company, inspected the property on behalf of Plaintiff and found structural damage directly related to the underlying incident. *Id.* Plaintiff provided SFIC with copies of Mr. Scott's report and Gurtler Bros' report on March 26, 2020. *Id.* at 4.

Thereafter, SFIC retained SDII Global to perform a structural damage assessment of Plaintiff's property. (Rec. Doc. 17, SFIC's Reply Memorandum, p. 2). SFIC's engineer evaluated Plaintiff's engineering report, the previously prepared estimates of damages, and inspected the property on or about April 10, 2020. *Id.* SFIC's engineer submitted his report on or about April 27, 2020, and he concluded that the incident at issue caused structural damage to the property but disagreed with Plaintiff's expert as to the extent of the damage. *Id.* SFIC invoked the Policy's appraisal provision in a letter dated June 5, 2020. *Id.* Plaintiff refused to accept the appraisal in a letter dated June 10, 2020 and filed suit in state court on June 19, 2020. *Id.*

## II.   Law & Analysis

The parties do not dispute that the Policy contains a valid and enforceable appraisal clause, which provides the following:

> E. Appraisal. In case we and you shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of you or us such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in

writing, so itemized, of any two when filed with us shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

Additionally, the parties do not dispute that La. R.S. 22:1311, which contains the Standard Fire Policy, also applies to the Policy and provides the following:

Appraisal - In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

Thus, the question before the Court is whether SFIC timely invoked the appraisal clause. Where the appraisal provision does not mention a specific time period in which invocation must be made, as is the case here, an appraisal must be demanded within a "reasonable time after a dispute as to the amount of loss arises." *Triple K, Inc. v. Century Sur. Co.*, no. 10–1236, 2010 WL 3418237, at *2 (E.D. La. Aug. 23, 2010) (citing *Newman v. Lexington Ins. Co.*, no. 06–4668, 2007 WL 1063578, at *4 (E.D. La. April 4, 2007)). Continuing to narrow down the focus of the analysis, the Court turns to look at the following two questions: 1.) When do the courts consider that "a dispute as to the amount of loss" has arisen?; and 2.) What is a reasonable time after such a dispute has arisen for one to demand appraisal? *Marquette v. S. Fid. Ins. Co.*, 2015 WL 13529953 (E.D. La. May 19, 2015).

First, courts in this district have been clear that the dispute inquiry asks whether and when the insurer "had sufficient information to act on the claim, either by compensating plaintiffs under the policy or disputing the claim via the appraisal process." *Nguyen v. St. Paul. Travelers Insur. Co.*, no. 06–4130, 2007 WL 1672504, at *4 (E.D. La. June 6, 2007). There is no formulaic approach to determine what qualifies as sufficient information. In some cases, sufficient information consists of a satisfactory proof of loss, even if this is not done precisely to the insurer's demands. *See id.* (accepting the plaintiffs' adjuster's report as proof of loss over the defendant insurer's objections); *see also Davis v. Safeco Ins. Co of Amer.*, no. 13–0677, 2014 WL 3939809, at *6 (Aug. 12, 2014). It does not need to be done in a certain form, and even a demand to fund a settlement can be sufficient. *Nguyen*, 2007 WL 1672504, at *4. Other courts have accepted inventory lists from the plaintiff as proof of a dispute. *See Beasley v. GeoVera Specialty Ins. Co.*, no. 13–0395, 2013 WL 3187289, at *2 (E.D. La. June 20, 2013); *Triple K, Inc.*, 2010 WL 3418237, at *2. Additionally, the Fifth Circuit has viewed with favor a repair estimate from the plaintiffs' contractor as an indicator of a dispute. *Dwyer v. Fidelity Nat. Prop. and Cas. Ins. Co*, 565 F.3d 284, 288 (5th Cir. 2009).

Plaintiff argues that SFIC was aware of the disputed loss as soon as she began complaining about the deficient estimate in November 2019. (Rec. Doc. 12, p. 6) However, she has not submitted any proof of these complaints. Alternatively, Plaintiff argues that SFIC was aware of the dispute when Plaintiff submitted Mr. Scott's and Gurtler Bros' reports to SFIC on March 26, 2020. *Id.* SFIC alleges that the timing of SFIC's demand for appraisal was based on the fact that no factual dispute as to the total amount of loss was discovered or known until SFIC's structural engineer conducted his

assessment and submitted his report on or about April 27, 2020. (Rec. Doc. 17, p. 2-3). SFIC argues that its evaluation of Plaintiff's property was ongoing at the time it received the report from Plaintiff's engineer. *Id.*

SFIC had "sufficient information to act on the claim" when Plaintiff submitted Mr. Scott's and Gurtler Bros' reports to SFIC on March 26, 2020. Mr. Scott's estimate and Gurtler Bros' engineering report noticed SFIC of structural damage and damage estimates contrary to its findings in November 2019. Thus, this Court finds that a dispute had arisen at the very latest when Plaintiff submitted these reports on March 26, 2020.

Next, the Court must determine whether SFIC demanded appraisal within a reasonable time once the dispute had arisen. There is also no formulaic approach to this factor. The courts generally find a period of 4 months or more to be an unreasonable delay absent some exception, while a period of two months or less is reasonable. Davis, 2014 WL 3939809, at *6 (finding a delay of "over four months ... unreasonable"); Nguyen, 2007 WL 1672504, at *4 (finding a "request for appraisal ... approximately four months after sufficient proof of loss ... was untimely); Newman, 2007 WL 1063578, at *4 (finding a two month delay to be reasonable). Additionally, in *Glasper v. Southern Fidelity Insurance Company*, the Court held that a three-month delay in invoking an appraisal clause was not unreasonable. No. 20-2416, 2021 WL 411447, at *7 (E.D. La. Feb. 5, 2021).

SFIC invoked the appraisal provision of Plaintiff's Policy on June 5, 2020, seventy-one (71) days after the dispute arose on March 26, 2020. Additionally, the Court notes that between March 22, 2020 and May 15, 2020, Louisiana was under a Stay At Home

Order due to the COVID-19 outbreak. Thus, the Court finds that this delay was reasonable and that SFIC timely invoked the appraisal clause of the Policy.

SFIC further asked the Court to appoint an umpire in accordance with the Policy to resolve any disputes that may arise between the parties' respective appraisers. The Court believes it more appropriate, however, now that the parties have the benefit of this ruling, to leave this task to the parties as envisioned by the Policy.[1]

### III.    Conclusion

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Compel Appraisal, Appoint Umpire and Stay Litigation Pending Appraisal (Rec. Doc. 11)** filed by Defendant Southern Fidelity Insurance Co. is **GRANTED** so that the parties may participate in the appraisal process as required by the Policy. Plaintiff shall identify her chosen appraiser within twenty (20) days from entry of this Order if she has not already done so. The Clerk shall mark this action **CLOSED** for administrative purposes during the appraisal process.

August 13, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that SFIC wants the Court to appoint an "umpire," (Rec. Doc. 11, p. 6-7), but the Policy specifically provides that the two appraisers are to select the umpire. Thus, the Court assumes that SFIC wants the Court to appoint Plaintiff's appraiser given Plaintiff's opposition to the appraisal process. The Policy allows for the Court to appoint an umpire when the appraisers cannot agree on one, but it does not provide a mechanism for the Court to appoint the appraisers. If in fact, Plaintiff has already appointed an appraiser and it is Plaintiff's appraiser who will not agree to an umpire, then SFIC is free to file a follow-up motion to have the Court appoint the umpire, after the parties try to resolve the issue on their own now that the Court has recognized the validity of the appraisal process.