UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHANNA ARMENDARIZ** | * | **CIVIL ACTION NO. 2:20-CV-02151** |
| | * | |
| **Plaintiff** | * | |
| | * | **JUDGE JAY C. ZAINEY** |
| **VERSUS** | * | |
| | * | |
| **SOUTHERN FIDELITY INSURANCE** | * | **MAGISTRATE JUDGE** |
| **COMPANY** | * | **KAREN WELLS ROBY** |
| | * | |
| **Defendant** | * | **SECTION A** |
| | * | |

* * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM APPRAISAL AWARD

The instant motion of defendant, Southern Fidelity Insurance Company ("SFIC") should be granted because the amount of damages for the loss at issue has been properly determined pursuant to the Appraisal process set forth in the subject insurance policy and Louisiana law. Plaintiff, Johanna Armendariz, cannot meet her burden of overturning the Appraisal award. For the reasons set forth below, SFIC prays that this Court confirm the Appraisal award as the amount of the loss sustained by plaintiff and covered by the subject insurance policy.

### UNDISPUTED FACTS

SFIC issued a Policy of Insurance, No. LVH-1020725 02 17 (hereinafter the "Policy") to plaintiff.[1] On or about October 15, 2019, plaintiff's home, located at 2385 Coteau Road, Houma, Louisiana, was struck by a vehicle driven by Iraneeka Gustave.[2] As a result of this damage, Plaintiff submitted a claim with her insurer, SFIC on October 15, 2019.[3] Thereafter, SFIC inspected the Property on November 18, 2019[4] and tendered payment to Plaintiff on or about

---

[1] Excerpts from Policy No. LVH-1020725 02 17, attached as Exhibit "A-1".
[2] Rec. Doc. 1-4.
[3] October 15, 2019 First Notice of Loss, attached hereto as Exhibit "2", to the Declaration of Karen Hoy, Exhibit "A".
[4] See LOSS REPORT of TSI, Inc., Exhibit B

December 2, 2019 pursuant to the subject adjuster's report totaling $4,272.41[5] Upon receipt of plaintiff's listing of lost contents, an additional payment for the content loss on or about December 10, 2019 $1,734.36.[6] On June 5, 2020, the report of an independent adjuster added additional work for brick repairs and accordingly, an additional payment for coverage A was made on June 8, 2020 totaling $20,928.95.[7] On June 9, 2020, Plaintiff filed suit against SFIC alleging, among other things, that additional money is owed to Plaintiff for the damages to the Property pursuant to her Policy.[8]

Based on the dispute as to the amount of the loss, SFIC demanded and invoked the appraisal provision contained within the SFIC Policy and La. R.S. 22:1311.[9] SFIC appointed Larry "Bree" McCorkle as the appraiser on its behalf. In response, Plaintiff refused to participate in the appraisal process.[10]

In response to the refusal to Comply with the policy terms, SFIC was required to file a Motion to Compel Appraisal on March 18, 2021. [Doc 11]. Plaintiff opposed the contractually obligated appraisal process [Doc 12]. SFIC filed its reply April 13, 2021 [Doc. 17] after which on August 16, 2021, the Court Ordered the plaintiff to participate in the Appraisal process. [Doc 38] The appraisal process was completed with an agreed award dated January 1, 2022 whereby the appraiser for plaintiff agreed with the appraiser for the defendant. (See Exhibit D). The appraisal award was resulted in additional payments of $15,995.91 for coverage A (dwelling) and $679.51 for coverage B (other structures) which was paid January 18, 2022 (see Exhibit E). SFIC has now paid all amounts due pursuant to the appraisal award.

---

[5] December 2, 2019 correspondence from SFIC to Johanna Armendariz, attached hereto as Exhibit "3" to the Declaration of Karen Hoy, Exhibit "A" and Copies of checks Attached as Exhibit "C".
[6] See Copies of checks, Exhibit "C",
[7] See copy of June 8, 2020 payment, Exhibit "C".
[8] Rec. Doc. 1-4, paragraph 61.
[9] June 5, 2020 correspondence from counsel for SFIC to counsel for Plaintiff, attached hereto as Exhibit "4" to the Declaration of Karen Hoy, Exhibit "A".
[10] June 10, 2020 correspondence from counsel for Plaintiff to counsel for SFIC, attached hereto as Exhibit "5" to the Declaration of Karen Hoy, Exhibit "A".

## **LAW AND ARGUMENT**

SFIC files its Motion to Confirm Appraisal Award because the Appraisal process was properly completed pursuant to the Policy and Louisiana law. As such, all damages allowed under the Policy for this loss have already been determined and were timely paid by SFIC. Although plaintiff may disagree with the amount of the Appraisal Award, plaintiff cannot show that the an award which is based upon consent of the parties' chosen appraisers is suspect and therefore cannot overturn the Award. Accordingly, this Motion to Compel Appraisal Award should be granted and the damages for this loss should be set at the amounts determined through Appraisal.

**I.  The Policy**

An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.[11] Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.[12] If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written.[13]

Under the terms of the Policy, an Appraisal Award in writing, when agreed by either the Appraisers or an Umpire and an Appraiser, shall determine the amount of the actual cash value and loss. This provision provides as follows:

> "**E.  Appraisal**
>
> In case we and you shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested

---

[11] *Cadwallader v. Allstate Ins. Co.,* 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; *Carbon v. Allstate Ins. Co.,* 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,* 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763.
[12] *See* LSA-C.C. art.2047; *Cadwallader,* 848 So.2d at 580; *Peterson v. Schimek,* 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon,* 719 So.2d at 440-441; *Reynolds,* 634 So.2d at 1183.
[13] *Cadwallader,* 848 So.2d at 580; *Fannaly,* 805 So.2d at 1137; *Louisiana Ins.,* 630 So.2d at 764.

umpire; and failing for fifteen days to agree upon such umpire, then on request of you or us such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with us shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

Exhibit "1", page 2.

Similarly, Louisiana law mandates that the following be included in every policy of fire insurance:

**Appraisal**--In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

LSA-R.S. 22:1311.

An appraisal is an informal process that does not involve the procedural requirements of a court proceeding[14]. When the parties conduct an appraisal, "[n]o formal trial is contemplated. It is not a common law arbitration. No judge is to instruct [the appraisers]. <u>The whole purpose of appraisal is to escape the delay and cost and technicality of court procedure</u>."[15]

---

[14] *St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748, 756 (E.D. La. 2010) [emphasis added].
[15] *Id.* at 756 citing *Penn. Lumbermens Mut. Fire Ins. Co. of Philadelphia, PA v. Barfield,* 138 F.2d 365, 366 (5th Cir.1943) (internal citations omitted, emphasis added); *see also Hartford Lloyd's Ins. Co. v. Teachworth,* 898 F.2d 1058, 1061–62 (5th Cir.1990).

Appraisal clauses in an insurance policy are enforceable under Louisiana law[16]. An appraisal award issued under an insurance policy is enforceable if the appraisers "have performed the duties required of them by the policy, which is the law between the contracting parties."[17] Contractually specified appraisal awards are <u>presumed accurate</u> and every reasonable intendment and presumption is in favor of an award of appraisers selected to determine the value of property lost.[18] The burden of demonstrating that the Award should not be confirmed must fall upon the party challenging it.[19]  <u>The challenging party must produce evidence "that the appraiser's honesty or integrity is suspect."</u>[20] <u>This evidence must "transcend the interest of a prior business relationship."</u>[21]

In *Prien Props., LLC v. Allstate Ins. Co.,*[22] the parties submitted to the Appraisal process for damages occasioned by Hurricane Rita. The plaintiff moved to confirm the Appraisal Award as the amount of loss. The defendant insurer opposed the motion by arguing that the appraiser selected by plaintiff was not impartial because he had served as the plaintiff's public adjuster, and also that the umpire was not impartial because he agreed with the plaintiff's appraiser on damages. Judge Patricia Minaldi of the Western District of Louisiana granted the plaintiff's motion and

---

[16] *St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, *supra* at 753, citing *Newman v. Lexington Ins. Co.,* No. 06–4668, 2007 WL 1063578, at *2 (E.D.La. Apr. 4, 2007); *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* No. 86–2267, 1988 WL 32938, at *8 (E.D.La. Apr. 6, 1988); *Sevier v. U.S.F. & G.,* 485 So.2d 132, 135–36 (La.Ct.App.1986), *rev'd on other grounds,* 497 So.2d 1380 (La.1986); *Girard v. Atlantic Mut. Ins. Co.,* 198 So.2d 444, 445–47 (La.Ct.App.1967); *Martin v. Home Ins. Co.,* 16 La.App. 216, 133 So. 773, 776 (1931).
[17] *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No. 3051393,* 91 So.3d 397 ((La.App. 5 Cir. 2012); *St. Charles Parish Hosp. Serv. Dist. No. 1,* at 754 *supra,* citing *Prien Props., LLC v. Allstate Ins. Co.,* No. 07-845, 2008 WL 1733591, at p. 2 (W.D.La. Apr. 14, 2008) and *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co.,* 1988 WL 32938, at p. 8.
[18] *St. Charles Parish Hosp. Serv. Dist. No. 1,* at 754 *supra.* Citing *In re Waters,* 93 F.2d 196, 200 (5th Cir.1937).
[19] *Dufrene, supra.* at 403; *St. Charles Parish Hosp. Serv. Dist. No. 1, id.* at (E.D. La. 2010):  *See* La. Civ.Code. arts. 1983, 2045-46; *cf. Wooley v. Lucksinger,* 14 So.3d 311, 473 (La.App. 1 Cir. 2008); *Continental Eagle Corp. v. Tanner & Co. Ginning,* 663 So.2d 204, 206 (La.App. 3 Cir. 1995).
[20] *Dufrene,* at 403; *St. Charles Parish Hosp. Serv. Dist. No. 1, supra.* at 754-55 (E.D. La. 2010) citing *Carriage Court Condo. Owners Ass'n, Inc. v. State Farm Fire & Cas. Co.,* No. 07-7715, 2009 WL 1565937, at *3 (E.D.La. May 28, 2009); *Dawes v. Continental Ins. Co. of City of New York,* 1 F.Supp. 603, 605-06 (E.D.La.1932). (Emphasis added).
[21] *St. Charles Parish Hosp. Serv. Dist. No. 1, supra.* at 754-55 (E.D. La. 2010) citing *Prien Props., LLC v. Allstate Ins. Co.,* No. 07-845, 2008 WL 1733591, at p. 3 (Emphasis added).
[22] *Prien Props., LLC, supra,* 07-845 (W.D. La. 4/14/08), 2008 WL 173359.

found that with no evidence in the record of any impartiality by the parties' appraisers the award was binding as to the amount of loss. This was so even though the plaintiff's appraiser had indeed been their public adjuster in that case with a contingency fee dependent on the amount of loss. The Court reasoned that simply agreeing with the opposing parties' views and a "prior business relationship" with one of the parties was not enough to meet the burden of overturning the Appraisal Award.

The same result should be reached in this case. A valid Appraisal Award was agreed upon by both appraisers January 7, 2022 and SFIC timely paid that Award on January 18, 2022. Although plaintiff clearly disagrees with the amount of the Appraisal Award, she has not so much as alleged that the honesty or integrity of the any person involved is suspect, much less demonstrated any material evidence of their impartiality in order to have the award overturned. The Appraisal Award is therefore binding on the parties and should be confirmed by this Court.

## **CONCLUSION**

Plaintiff cannot meet her burden of showing that the appraisers failed to perform their respective duties and that their honesty and integrity are suspect. The Appraisal Award, which is <u>presumed to be accurate</u>, should not be disturbed by this Honorable Court. Based on the clear and unambiguous language in the Policy and the properly executed Appraisal Award, SFIC's Motion to Confirm Appraisal Award should be granted, thereby setting the amount of the subject loss in accordance with the Appraisal Award.

Respectfully submitted:

*/s/ John C. Henry*
**MATTHEW D. MONSON (25186)
JOHN C. HENRY (18948)
KEVIN P. RICHE (31939)
RACHEL L. FLARITY (33131)
JOHN D. MINEO, IV (36587)
PEYTON STEIN (39400)
KYLE C. MATTHIS (38338)
THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:    (985) 778-0678
Facsimile:     (985) 778-0682
Email: jhenry@Monsonfirm.com
***Counsel for Southern Fidelity Insurance Co.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 8th day of April, 2022.

*/s/ John C. Henry*